Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
IN RE:                                                          :
Fosamax Products Liability Litigation         :          1:06-md-1789 (JFK)
                                                                :
-----------------------------------------------------x
*This Document Relates to:*                     :          **ANSWER AND AFFIRMATIVE**
Edith M. Brown and                               :          **DEFENSES OF MERCK**
Curtis W. Brown                                    :          **& CO., INC.;**
v. Merck & Co., Inc.                              :          **DEMAND FOR JURY TRIAL**
                                                                :
Case No: 1:08-cv-4159-JFK                    :
                                                                :
-----------------------------------------------------x

Defendant, Merck & Co., Inc. ("Merck"), by and through its undersigned

attorneys, hereby answers the Complaint.  Merck denies all allegations set forth in the

Complaint except to the extent such allegations are specifically admitted below:

## I. JURISDICTION AND VENUE

1.      The allegations of the first sentence of Paragraph 1 are conclusions of law

to which no response is required.  To the extent that a response is required, Merck denies

each and every allegation of the first sentence of Paragraph 1.  As to the allegations of the

second sentence of Paragraph 1, Merck is without knowledge or information sufficient to

form a belief as to these allegations, except that Merck admits that it is a corporation

organized under the laws of the State of New Jersey with its principal place of business in

New Jersey.  Merck is without knowledge as to the allegations in the third sentence of Paragraph 1, but for jurisdictional purposes only, admits that the Plaintiffs seek in excess of $75,000.

2.     The allegations of Paragraph 2 are conclusions of law to which no response is required.  To the extent a response is required, Merck denies the allegations of Paragraph 2, except that Merck admits that pursuant to Section 4 of Case Management Order No. 3 entered by Judge John F. Keenan on November 1, 2006, this action may be filed directly in the Southern District of New York.  Merck reserves all rights under Section 4 of Case Management Order No. 3 and respectfully refers the Court to the relevant Case Management Order.

## II.  PARTIES

3.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3.

4.     Merck admits that it is a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.  Except as expressly admitted herein, Merck denies the remaining allegations of Paragraph 4.

5.     Merck admits that it is registered to do business in the State of Texas.

6.     Merck is without knowledge as to what is meant by the phrase "regularly transacted," so the allegations in Paragraph 6 are denied.

7.     Merck denies each and every allegation of Paragraph 7, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information. Merck denies any allegations in Paragraph 7 inconsistent with that prescribing

information and respectfully refers the Court to the Physicians' Desk Reference ("PDR")

for FOSAMAX® for its actual language and full text.

8.      Merck admits only that it distributed FOSAMAX® for prescription in

accordance with its approved prescribing information and denies any allegations in

Paragraph 8 inconsistent with that prescribing information.  Merck respectfully refers the

Court to the PDR for FOSAMAX® for its actual language and full text.  Except as

expressly admitted herein, Merck denies the remaining allegations of Paragraph 8.

9.      Merck is without knowledge as to what is meant by the phrase "substantial

revenue," so the allegations in Paragraph 9 are denied.

10.      Merck is without knowledge as to what is meant by "consequences," so

the allegations in Paragraph 10 are denied.

### III.  SUMMARY OF THE CASE

11.      Merck denies each and every allegation of Paragraph 11, except that it

admits that Merck manufactured, marketed, and distributed the prescription medicine

FOSAMAX® for prescription in accordance with its approved prescribing information.

12.      Merck denies each and every allegation of Paragraph 12.

13.      Merck denies each and every allegation of Paragraph 13.

14.      Merck denies each and every allegation of Paragraph 14.

15.      Merck denies each and every allegation of Paragraph 15.

### IV.  FACTUAL BACKGROUND

16.      Merck denies each and every allegation of Paragraph 16, except that it

admits that Merck manufactured, marketed, and distributed the prescription medicine

FOSAMAX® for prescription in accordance with its approved prescribing information.

17.    Merck denies each and every allegation of Paragraph 17, except that Merck admits that it sought and, in 1995, first obtained FDA approval to manufacture and market FOSAMAX® 10 mg and FOSAMAX® 40 mg tablets, a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.  Merck denies any allegations in Paragraph 17 inconsistent with that prescribing information.

18.    Merck admits only that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 18 inconsistent with that prescribing information.  Merck also refers the Court to the prescribing information for Aredia and Zometa, and denies any allegations in Paragraph 18 with respect to Aredia and Zometa inconsistent with that prescribing information.

19.    Merck admits only that some bisphosphonates contain nitrogen and some do not and that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.  Merck denies any allegations in Paragraph 19 inconsistent with that prescribing information.  Merck respectfully refers the Court to the PDR for FOSAMAX® for its actual language and full text.  Merck also refers the Court to the prescribing information for Aredia, Boniva, Actonel, Didronel, Bonefos, Loron, and Skelid, and denies any allegations in Paragraph 19 with respect to Aredia, Boniva, Actonel, Didronel, Bonefos, Loron, and Skelid inconsistent with that prescribing information.  Merck denies the remaining allegations of Paragraph 19.

20.    Merck denies each and every allegation of Paragraph 20.

21.     Merck denies each and every allegation of Paragraph 21.

22.     Merck denies each and every allegation of Paragraph 22.

23.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23.

24.     Merck denies each and every allegation of Paragraph 24.

25.     Merck denies each and every allegation of Paragraph 25.

26.     Merck denies each and every allegation of Paragraph 26.

27.     Merck denies each and every allegation of Paragraph 27.

28.     Merck denies each and every allegation of Paragraph 28, except that Merck admits that the FDA drafted an "ODS Postmarketing Safety Review," but respectfully refers the Court to said document for its actual language and full text.

29.     Merck denies each and every allegation of Paragraph 29.

30.     Merck denies each and every allegation of Paragraph 30.

31.     Merck denies each and every allegation of Paragraph 31.

32.     Merck denies each and every allegation of Paragraph 32, except that Merck admits that Fosamax product sales in 2007 amounted to approximately $3.05 billion.

33.     Merck is without knowledge as to whether Plaintiff used FOSAMAX®. Merck denies the remaining allegations in Paragraph 33.

34.     Merck denies each and every allegation of Paragraph 34.

35.     Merck denies each and every allegation of Paragraph 35, including each and every allegation contained in subparts (a) through (f), except that Merck admits that

it manufactured, marketed, and distributed the prescription medicine FOSAMAX® for

prescription in accordance with its approved prescribing information.

36.     Merck is without knowledge as to whether Plaintiff was prescribed

FOSAMAX®.  Merck denies the remaining allegations in Paragraph 36.

37.     Merck denies each and every allegation of Paragraph 37.

38.     Merck lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of the first sentence of Paragraph 38.  Merck denies each

and every allegation of the second sentence of Paragraph 38.

39.     Merck lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of Paragraph 39.

40.     Merck denies each and every allegation of Paragraph 40.

41.     Merck denies each and every allegation of Paragraph 41.

42.     Merck lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of Paragraph 42.

43.     Merck denies each and every allegation of Paragraph 43.

44.     Merck denies each and every allegation of Paragraph 44.

45.     Merck denies each and every allegation of Paragraph 45.

## V.  COUNTS

### COUNT I:  NEGLIGENCE

46.     Merck repleads its answers to Paragraphs 1 through and including 45, and

by this reference hereby incorporates the same herein in this paragraph, and makes the

same a part hereof as though fully set forth *verbatim*.

47.     The allegations in Paragraph 47 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

48.     Merck denies each and every allegation of Paragraph 48, including each and every allegation contained in subparts (a) through (f).

49.     Merck denies each and every allegation of Paragraph 49.

50.     Merck denies each and every allegation of Paragraph 50.

51.     Merck denies each and every allegation of Paragraph 51.

52.     Merck denies each and every allegation of Paragraph 52.

<u>COUNT II:  STRICT LIABILITY</u>

53.     Merck repleads its answers to Paragraphs 1 through and including 52, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

54.     Merck denies each and every allegation of Paragraph 54, except that it admits that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

55.     Merck denies each and every allegation of Paragraph 55, except that it admits that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information and states that it is without knowledge as to the condition of the FOSAMAX® Plaintiff alleges she consumed.

56.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 56.

57.     Merck denies each and every allegation of Paragraph 57.

58.     Merck denies each and every allegation of Paragraph 58.

59.     Merck denies each and every allegation of Paragraph 59.

60.     Merck denies each and every allegation of Paragraph 60.

61.     Merck denies each and every allegation of Paragraph 61.

62.     Merck denies each and every allegation of Paragraph 62.

63.     Merck denies each and every allegation of Paragraph 63.

64.     Merck denies each and every allegation of Paragraph 64.

65.     Merck denies each and every allegation of Paragraph 65.

66.     Merck denies each and every allegation of Paragraph 66.

<u>COUNT III:  BREACH OF EXPRESS WARRANTY</u>

67.     Merck repleads its answers to Paragraphs 1 through and including 66, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

68.     Merck denies each and every allegation of Paragraph 68, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

69.     Merck denies each and every allegation of Paragraph 69.

70.     Merck denies each and every allegation of Paragraph 70.

60348245_1.DOC

71.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 71.

72.    Merck denies each and every allegation of Paragraph 72.

73.    Merck denies each and every allegation of Paragraph 73.

74.    Merck denies each and every allegation of Paragraph 74.

75.    Merck denies each and every allegation of Paragraph 75.

<u>COUNT IV:  BREACH OF IMPLIED WARRANTY</u>

76.    Merck repleads its answers to Paragraphs 1 through and including 75, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

77.    Merck denies each and every allegation of Paragraph 77, except that Merck admits that it manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

78.    Merck denies each and every allegation of Paragraph 78, and respectfully refers the Court to the FDA-approved prescribing information for any and all representations contained therein.  Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

79.    Merck denies each and every allegation of Paragraph 79.

80.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 80.

81.    Merck denies each and every allegation of Paragraph 81.

82.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 82.

83.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 83.

84.     Merck denies each and every allegation of Paragraph 84.

85.     Merck denies each and every allegation of Paragraph 85.

86.     Merck denies each and every allegation of Paragraph 86.

87.     Merck denies each and every allegation of Paragraph 87.

<u>COUNT V:  FRAUDULENT MISREPRESENTATION</u>

88.     Merck repleads its answers to Paragraphs 1 through and including 87, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

89.     Merck denies each and every allegation of Paragraph 89, including each and every allegation contained in subparts (a) and (b).

90.     Merck denies each and every allegation of Paragraph 90.

91.     Merck denies each and every allegation of Paragraph 91.

92.     Merck denies each and every allegation of Paragraph 92.

93.     Merck denies each and every allegation of Paragraph 93.

94.     Merck denies each and every allegation of Paragraph 94.

95.     Merck denies each and every allegation of Paragraph 95.

96.     Merck denies each and every allegation of Paragraph 96.

97.     Merck denies each and every allegation of Paragraph 97.

98.     Merck denies each and every allegation of Paragraph 98.

## COUNT VI:  FRAUDULENT CONCEALMENT

99.     Merck repleads its answers to Paragraphs 1 through and including 98, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

100.     Merck denies each and every allegation of Paragraph 100, including each and every allegation contained in subparts (a) and (b).

101.     Merck denies each and every allegation of Paragraph 101.

102.     Merck denies each and every allegation of Paragraph 102.

103.     Merck denies each and every allegation of Paragraph 103.

104.     Merck denies each and every allegation of Paragraph 104.

105.     Merck denies each and every allegation of Paragraph 105.

106.     Merck denies each and every allegation of Paragraph 106.

107.     Merck denies each and every allegation of Paragraph 107.

108.     Merck denies each and every allegation of Paragraph 108.

## GLOBAL PRAYER FOR RELIEF

Merck denies that Plaintiffs are entitled to any of the relief requested in their Global Prayer for Relief.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## **AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Merck in this matter.  Merck, therefore,

asserts said affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these affirmative defenses as may be appropriate. Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Merck states as follows:

### FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations, doctrine of prescription, and/or is otherwise untimely.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek punitive damages, such claim is barred because FOSAMAX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiffs are not entitled to recovery for strict liability because Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiffs' claims to a negligence cause of action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, Plaintiffs' claims pertaining to unfair or deceptive practices are barred.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiffs are not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States, Texas, and New York Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available

medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have not sustained an ascertainable loss of property or money.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any actual injury or damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of economic loss.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue as defined in 28 U.S.C. §1404(a).

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue pursuant to 28 U.S.C. §1406(a).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims of fraud are not pleaded with the required particularity.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs cannot recover for the claims asserted because Plaintiffs have failed to comply with the conditions precedent necessary to bring this action and/or each particular cause of action asserted by Plaintiff.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of warranty are barred because Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## FORTY-THIRD AFFIRMATIVE DEFENSE

An asymptomatic plaintiff lacks standing because she has suffered no damages and no injury-in-fact.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The substantive law of Texas applies to Plaintiffs' claims.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 et seq. of the Texas Civil Practice & Remedies Code.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

## FORTY-NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## FIFTIETH AFFIRMATIVE DEFENSE

Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.  Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth

Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:

(1)     is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award;

(2)     is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

(3)     is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics;

(4)     is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; or

(5)     is not subject to judicial review on the basis of objective standards

would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

The imposition of punitive damages violates the open courts provision of the Texas Constitution.

_____

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs'

Complaint with prejudice and awarding Merck such other and further relief that the Court

may deem just and proper.

## **JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.


DATED:        New York, New York
              July 21, 2008

                                        Respectfully submitted,

                                        HUGHES HUBBARD & REED LLP


                                        By:_____/s/_____
                                             Norman C. Kleinberg
                                             Theodore V. H. Mayer
                                             William J. Beausoleil

                                        One Battery Park Plaza
                                        New York, New York 10004-1482
                                        (212) 837-6000
                                        kleinber@hugheshubbard.com
                                        mayer@hugheshubbard.com
                                        beausole@hugheshubbard.com

                                        *Attorneys for Defendant Merck & Co., Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of July, 2008, I caused a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF MERCK & CO., INC. to be served via first-class mail, postage prepaid, on the following:

ASHCRAFT & GEREL, LLP
Michelle A. Parfitt, Esquire
2000 L Street, N.W., Suite 400
Washington, DC 20036

The above address has appeared on the prior papers in this action as the office address of the attorneys for Plaintiffs.

Deponent is over the age of 18 years and not a party to this action.

I further certify under penalty of perjury that under the laws of the United States of America the foregoing is true and correct.

Executed on July 21, 2008

_____/s/_____
Shawn McEnnis